PROB12C  (9/14)

# UNITED STATES DISTRICT COURT
## FOR THE
## WESTERN DISTRICT OF WISCONSIN
### PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION

**Name of Offender:**     Raymond Ryals                                    **Case Number:** 06-cr-99-bbc-1
                         Beloit, Wisconsin

**Name of Sentencing Judicial Officer:** Honorable John C. Shabaz
**Name of Presiding Judicial Officer:** Honorable Barbara B. Crabb

**Date of Original Sentence:** December 19, 2006
**Date of 1st Amended Sentence:** May 13, 2008
**Date of 2nd Amended Sentence:** May 10, 2011
**Date of 3rd Amended Sentence:** April 25, 2013

**Offense:** Distribution of Five or More Grams of Cocaine Base (Crack Cocaine), a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(B), a Class A felony

**Original Sentence:**  365 months' custody followed by an 8-year term of supervised release
**Amended Sentence:** 300 months' custody followed by an 8-year term of supervised release
**Amended Sentence:**  280 months' custody followed by an 8-year term of supervised release
**Amended Sentence:**  132 months' custody followed by a 6-year term of supervised release

**Type of Supervision:** Supervised release          **Date Supervision Commenced:** April 17, 2015

**Assistant U.S. Attorney:** David Reinhard          **Defense Attorney:** To be determined

## PETITIONING THE COURT

☒ To issue a warrant to act as a detainer.

The probation officer alleges that the offender has violated the following conditions of supervision:

| Violation | Nature of Noncompliance |
|---|---|
| Mandatory Condition | "Defendant shall not commit another federal, state, or local crime." |
| | On April 13, 2016, Raymond Ryals was arrested by the Beloit, Wisconsin, Police Department for battery and disorderly conduct.  He has been charged with this conduct in Rock County Circuit Court Case No. 2016CM000702. |

|  |  |
|---|---|
|  | On April 16, 2016, Mr. Ryals was arrested by the Beloit Police Department for 2nd degree sexual assault, battery and disorderly conduct. He has been charged with this conduct in Rock County Circuit Court Case No. 2016CF000711. |
| Special Condition No. 4: | "Abstain from the use of alcohol and illegal drugs and from association with drug users and sellers and participate in substance abuse treatment. . . ." |
|  | On April 16, 2016, the Beloit Police Department executed a breath analysis provided by Mr. Ryals. His breath sample registered as containing .057 percent alcohol content. |
|  | Mr. Ryals failed to report for random urine screens on June 15 and 23, 2015; August 24, 2015; October 19, 2015; January 6, 2016; February 11, 2016; March 15 and 21, 2016; and April 12, 2016. |
| Standard Condition No. 5: | "Defendant shall work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons." |
|  | Mr. Ryals has been unemployed since October 2015. |

**Adjustment to Supervision:** Mr. Ryals was arrested by the Beloit Police Department for two separate incidents within three days. On April 13, 2016, he was arrested after allegedly punching a female in the face, ripping out her hair weave, and scratching her over a disagreement about their children's clothes. Their children were present during the incident. Mr. Ryals and the alleged female victim have children in common but are no longer involved in a romantic relationship.

On April 16, 2016, Mr. Ryals was arrested again by the Beloit Police Department after he allegedly hit the mother of four of his children approximately 30 times, nearly breaking her jaw. It is also alleged he ripped off her hair weave, split her lip, and forced her to have oral sex and sexual intercourse with him against her will. The alleged female victim stated they were partying with friends and drinking when she and Mr. Ryals began arguing about her cheating on him with another female. The female was able to contact police after Mr. Ryals fell asleep. He was subsequently arrested and provided a breath sample that tested positive for the presence of alcohol.

Mr. Ryals has failed to provide random urine specimens on multiple occasions.

Mr. Ryals has been out of work since October 2015. The probation officer assigned to his case has taken measures to assist him in finding employment to no avail.

**Probation Officer's Recommendation:** It is respectfully recommended that a warrant be issued to act as a detainer to return Mr. Ryals to court for a judicial review to show cause why his term of supervised release should not be revoked.

The U.S. Attorney's Office has been contacted and has a different position with respect to our office's recommendation due to the pending nature of the alleged state offenses. It is the position of the probation office that the Court is in the best position to determine if Mr. Ryals presents a continued danger to the community absent more stringent conditions and that a hearing is warranted if he were to be released on the state charges.

**Penalties:** The violations before Your Honor are Grade A violations pursuant to USSG § 7B1.1, if the Court considers the new charges. With Grade A violations and a criminal history category of VI, the advisory guideline range of imprisonment is 51 to 63 months if the term of supervised release is revoked.

Pursuant to 18 U.S.C. § 3583(e)(3), the statutory maximum term of imprisonment if supervised release is revoked is two years because the offense of conviction is a Class A felony.

Pursuant to 18 U.S.C. § 3583(h), another term of supervised release is authorized to follow the term of imprisonment.

**Standard Conditions**

The following information is provided for consideration with respect to the revocation proceedings in this matter. Pursuant to the recent Seventh Circuit Court of Appeals decisions in *United States v. Thompson, et al.,* 777 F.3d 368 (7th Cir. 2015), a sentencing judge must give a reason, consistent with the sentencing factors set forth at 18 U.S.C. § 3553(a), for any non-mandatory condition of supervision.

The standard and special conditions of supervised release that were imposed at the time of original sentencing on December 19, 2006, were reasonably related to the offense of conviction, as well as the personal history and characteristics of Mr. Ryals.

The standard conditions of supervision, as set forth in 18 U.S.C. §§ 3563(b) and 3583(d), have been established by policy of the Judicial Conference, as informed by U.S. Sentencing Commission policy statements in §§5B1.3 and 5D1.3. The District Court for the Western District of Wisconsin has adopted some modifications as a result of resent Seventh Circuit cases. These standard conditions, adopted from 18 U.S.C. §§ 3563(b) and 3583(d) and numbered below, identify the basic requirements, expectations, and limitations for defendants and address corresponding risk-related or recidivism-related factors. The standard conditions provide probation officers with the means to monitor the conduct of defendants who are under court-ordered supervision by matching supervision and programming to factors correlated with risk.

| STANDARD CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|
| 1) **Defendant shall not leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer.** | To provide community protection, rehabilitation for defendant, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance.<br>18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C);<br>18 U.S.C. § 3563(b)(14);<br>18 U.S.C. § 3603(2) and (7);<br>USSG §5B1.3(b)(1)(A), (C), (D) and (b)(2);<br>USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |

| | | |
|---|---|---|
| 2) | **Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent.** | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance.<br>18 U.S.C. § 3553(a)(1), (a)(2)(B), (C) and (D);<br>18 U.S.C. § 3563(b)(15) and (17);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG §5B1.3(b)(1)(B)(C), (D), (E) and (b)(2);<br>USSG §5D1.3(b)(1)(B), (C), (D) and (b)(2). |
| 3) | **Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court.** | Evidence based practice research indicates that lawful, stable employment and education are pro-social activities that reinforce the rehabilitation of defendant. Employment and education have been identified as risk factors for recidivism.<br>18 U.S.C. § 3553(a)(2)(B), (C) and (D);<br>18 U.S.C. § 3563(b)(4) and (5);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG §5B1.3(b)(1)(C), (D) and (E);<br>USSG §5D1.3(b)(1)(B), (C) and (D). |
| 4) | **Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification.** | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance.<br>18 U.S.C. § 3553(a)(2)(C);<br>18 U.S.C. § 3563(b)(13), (15), (16) and (19);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG §5B1.3(b)(1)(D) and (b)(2);<br>USSG §5D1.3(b)(1)(C). |
| 5) | **Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.** | Evidence based practice research indicates the use of illicit chemicals is a risk factor for recidivism. This condition is recommended to assist with defendant's rehabilitation, officer and defendant safety, and to protect the public.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C);<br>18 U.S.C. § 3563(b)(7);<br>18 U.S.C. § 3603(3);<br>USSG §5B1.3(b)(1)(A), (B), (C) and (D);<br>USSG §5D1.3(b)(1)(A), (B) and (C). |

| | | |
|---|---|---|
| 6) | **Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered.** | Evidence based practice research indicates that frequenting places where illicit chemicals are sold, used, distributed or administered increases the risk that defendant will purchase, use or possess illicit chemicals. Individuals involved in the distribution of illicit chemicals present a risk of peer association as identified in the research. This condition supports rehabilitation of defendant and promotes public safety.<br>18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C);<br>18 U.S.C. § 3563(b)(6);<br>18 U.S.C. § 3603(3);<br>USSG §5B1.3(b)(1)(A), (B), (C), (D) and (b)(2);<br>USSG §5D1.3(b)(1)(A), (B) and (C). |
| 7) | **Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity.** | Evidence based practice research indicates that association with peers involved in criminal activity increases the risk of recidivism. This condition promotes and encourages pro-social relationships that are conducive to a law-abiding lifestyle.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C);<br>18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3);<br>USSG §5B1.3(b)(1)(B), (C) and (D);<br>USSG §5D1.3(b)(1)(B) and (C). |
| 8) | **Defendant shall permit a probation officer to visit defendant at home, work, or elsewhere at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer.** | Community contacts ensure compliance with court-ordered conditions and assist defendant in maintaining a law-abiding lifestyle.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C);<br>18 U.S.C. § 3563(b)(13), (15), (16) and (17);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG§ 5B1.3(b)(1)(A), (B), (C), (D) and (b)(2);<br>USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 9) | **Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.** | To provide for community safety and rehabilitation of defendant.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C);<br>18 U.S.C. § 3563(b)(18);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG § 5B1.3 (b)(1)(A), (B), (C) and (D);<br>USSG § 5D1.3 (b)(1)(A), (B) and (C). |

| | | |
|---|---|---|
| 10) | **Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.** | Evidence based practice research indicates contact with criminals and potential involvement in facilitating other crimes sanctioned by law enforcement officers directly contradicts the condition of no new offenses and criminal associations, which are risk factors for recidivism. Therefore, strict monitoring by the Court/probation office is necessary for the safety of the community, defendant, and the supervising probation officer.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C);<br>18 U.S.C. § 3563(b)(5), (6), (15), (17) and (18);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG §5B1.3(b)(1)(A), (B), (C) and (D);<br>USSG §5D1.3(b)(1)(A), (B) and (C). |
| 11) | **As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics. The probation officer may also take steps to confirm defendant's compliance with this notification requirement or provide such notifications directly to third parties.** | To protect the public from further crimes perpetrated by defendant.<br>18 U.S.C. § 3553(a)(1), (b)(2)(A), (B) and (C);<br>18 U.S.C. § 3563(b)(3), (4), (5), (6), (13) and (16);<br>in a case of crimes against property 18 U.S.C. § 3555;<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG §5B1.3(b)(1)(A), (B), (C) and (D) and (b)(2);<br>USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |

**Special Conditions**

The following special conditions would be recommended if an additional term of supervision is deemed appropriate by the Court:

| | SPECIAL CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|---|
| 1) | **Register with local law enforcement agencies and the state attorney general, as directed by the supervising U.S. probation officer.** | Imposed based on the offense of conviction and the need to monitor defendant's compliance with local, state and federal laws. |
| 2) | **Provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax returns.** | Imposed based on defendant's limited employment history and the need to monitor his ability to support himself through legitimate means. |
| 3) | **Submit person, property, residence, papers, vehicle, or office to a search conducted by a U.S. probation officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition.** | Imposed based on the nature of the offense of conviction, the need to protect the public from further criminal activity perpetrated by the defendant as suggested by his criminal history and the need to ensure the safety of the supervising U.S. probation officer. |

| | | |
|---|---|---|
| 4) | **Abstain from the use of alcohol and illegal drugs and from association with drug users and sellers and participate in substance abuse treatment. Defendant shall submit to drug testing beginning within 15 days of her release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process.** | Imposed based on the defendant's self-reported use of alcohol and controlled substances. |
| 5) | **Comply with any court-ordered child support obligations.** | Imposed base on the need for compliance with Child Support authorities. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 20, 2016

/s/

Nicholas A. Tuma
U.S. Probation Officer

THE COURT ORDERS:
☒ The issuance of a warrant to be served as a detainer.
☐ The issuance of a summons.
☐ The appointment of counsel upon arrest.
☐ Other:

/s/ Barbara B. Crabb
_____
Honorable Barbara B. Crabb
U.S. District Judge
April 20, 2016
_____
Date