PROB12C  (9/14)

# UNITED STATES DISTRICT COURT
### for the
## WESTERN DISTRICT OF WISCONSIN
### PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION

**Name of Offender:**       Raymond Ryals                                                **Case Number:** 06-cr-99-bbc-1
                            Beloit, Wisconsin

**Name of Sentencing Judicial Officer:** Honorable John C. Shabaz
**Name of Presiding Judicial Officer:** Honorable Barbara B. Crabb

**Date of Original Sentence:** December 19, 2006
**Date of 1st Amended Sentence:** May 13, 2008
**Date of 2nd Amended Sentence:** May 10, 2011
**Date of 3rd Amended Sentence:** April 25, 2013
**Date of Revocation Sentence:** September 27, 2016

**Offense:** Distribution of Five or More Grams of Cocaine Base (Crack Cocaine), a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(B), a Class A felony

**Original Sentence:** 365 months' custody followed by an 8-year term of supervised release
**Amended Sentence:** 300 months' custody followed by an 8-year term of supervised release
**Amended Sentence:** 280 months' custody followed by an 8-year term of supervised release
**Amended Sentence:** 132 months' custody followed by a 6-year term of supervised release
**Revocation Sentence:** 12 months' and one-day custody followed by a 4-years term of supervised release

**Type of Supervision:** Supervised release        **Date Supervision Commenced:** March 24, 2017

**Assistant U.S. Attorney:** David Reinhard        **Defense Attorney:** To be determined
                                                   (*Erica Bierma previously appointed*)

## PETITIONING THE COURT

☒ To issue a warrant.

The probation officer alleges that the offender has violated the following conditions of supervision:

| **Violation** | **Nature of Noncompliance** |
|---|---|
| Mandatory Condition | "Defendant shall not commit another federal, state, or local crime." |
| Special Condition No.5: | "Defendant shall not purchase, possess, use, distribute, or administer any narcotic |

|  |  |
|---|---|
|  | or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician." |
| Special Condition No. 6: | "Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered." |
| Special Condition No. 7: | "Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity." |

On September 28, 2018, Sauk County, Wisconsin, Sheriff's Office detectives, Wisconsin special agents with the United States Department of Justice, and a Beloit, Wisconsin, Police Department detective were investigating the fugitive apprehension of James Reed, who was wanted for armed robbery, probation violations and obstructing an officer. The investigation led to the Dell Creek Motel in Lake Delton, Wisconsin. James Reed was seen coming and going from a room that Raymond Ryals had rented at the hotel. Upon observing law enforcement, Mr. Reed escaped through the motel room window but was eventually apprehended. Mr. Reed was charged with possession with intent to deliver heroin, 10 to 50 grams; and possession with intent to deliver cocaine, 5 to 15 grams.

After Mr. Reeds' apprehension, law enforcement searched Mr. Ryals' motel room and questioned Mr. Ryals. Police found a digital scale, a baggie of marijuana (2.8 grams), empty baggies and corner-cut baggies. This drug paraphernalia was seized and inventoried by the Sauk County, Wisconsin, Sheriff's Department.

On September 28, 2018, Raymond Ryals was issued an ordinance violation for possession of marijuana (Wisconsin State Statute 961.41(3g)(e)). Mr. Ryals was allowed to retrieve his personal belongings from the motel room. Mr. Ryals also took possession of two vehicles and Mr. Reed's girlfriend's pitbull dog.

Mr. Reed is incarcerated in the Sauk County Jail. Sauk County law enforcement indicated that Mr. Reed and Mr. Ryals made at least seven phone calls to each other between September 28, 2018, and October 3, 2018. Below is a summary transcript of a call made by Mr. Reed to Mr. Ryals from the Sauk County Jail on September 30, 2018:

> Call to 608-312-1029 (Raymond Ryals), 09/30/2018 at 11:51 a.m.:
>
> During this call Reed is discussing his case with Ryals. Reed says that he was going to fight his stuff down there (Rock County) but they caught him red-handed with that bundle in his pocket. Reed also told Ryals that when he came out of the motel room and saw the police, he ran back into the room because he left the stuff in there and he did not want to let someone else get jammed up for it. Reed said he grabbed it, then they ended up catching him with it. Reed said, "They caught me with everything."

| | |
|---|---|
| Special Condition No. 9: | "Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer." |
| Special Condition No. 7: | "Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity." |

|  |  |
|---|---|
|  | On September 21, 2018, Mr. Ryals was involved in a traffic stop conducted by the Wisconsin State Patrol in Sauk County, Wisconsin. Mr. Ryals was the driver of the vehicle. Raymone Gosha, (Ryals' adult son) was also in the vehicle as was an individual who stated his name was Rayshun Eason. Mr. Ryals was issued a citation for operating after suspended registration and was given five warnings. |
|  | The trooper questioned Mr. Eason about his identity. The trooper returned to his patrol car to run Mr. Eason's criminal history when another vehicle pulled up alongside the stopped vehicle. Mr. Eason got in the vehicle and fled the scene. The trooper questioned Mr. Ryals and Mr. Gosha about Mr. Eason's identity. Mr. Ryals told Mr. Gosha not to speak to the trooper. The trooper identified Mr. Eason as James Reed. |
|  | Mr. Ryals failed to notify his probation officer within seventy-two hours of being questioned by a law enforcement officer on September 21 and September 28, 2018. |
| Special Condition No. 15 | "Abstain from the use of alcohol and illegal drugs and from association with drug users and sellers and participate in substance abuse treatment. . ." |
|  | On September 4, 2018, Mr. Ryals submitted a urine specimen that tested positive for marijuana. Mr. Ryals admitted to using marijuana. |

**Adjustment to Supervision:** On March 24, 2017, Raymond Ryals began his four-year term of supervised release, transitioning to the community through Rock Valley Community Programs, Inc. (RVCP) in Janesville, Wisconsin. This is Mr. Ryals' second term of supervised release. Since his term of supervision began, he has participated in substance abuse and mental health assessments and a substance abuse cognitions group.

On May 27, 2017, Mr. Ryals was successfully discharged from RVCP. He established and maintained a suitable residence. He was employed through June 2017 but has been unemployed since that time. He has suggested that he is unable to work because of health issues. This officer has requested medical verification from his doctor excusing him from employment. To date, a medial excuse from his doctor has not been provided. Despite not having a specific medical excuse, this officer does not doubt that Mr. Ryals has medical concerns.

Mr. Ryals successfully transitioned through dual diagnosis counseling at RVCP which addressed his substance abuse and mental health issues. He continues to provide random urinalysis and breathalyzers tests twice monthly. Mr. Ryals has expressed a continued effort to reunite with his children and to participate in their lives but has made limited attempts at doing so. Mr. Ryals plays cards or gambles in his free time. He enjoys gambling and does not see this as a problem.

Mr. Ryals is a high risk of recidivism or being revoked again. The dynamic risk factors that contribute to his high risk include criminal thinking/cognitions, social networks, and alcohol and drugs. The violations alleged above are concerning and suggest that Mr. Ryals does, in fact, possess these risk factors. It appears he has returned to a criminal life style.

On September 28, 2018, Sauk County, Wisconsin Sheriff's Office detectives received credible information that Mr. Ryals and Mr. Reed had a pistol-grip shotgun in the motel room in Lake Delton, and that Raymone Gosha removed the shotgun prior to law enforcement's raid and search. This shotgun has not been accounted for.

Mr. Ryals is a criminal history category VI. His criminal history includes a varied offense pattern of both violent and drug crimes. Mr. Ryals is a danger to the community and any appearance that he has changed his criminal thinking and lifestyle is merely superficial.

**Probation Officer's Recommendation:**  It is respectfully recommended that a warrant be issued to return Mr. Ryals to court for a judicial review to show cause why his term of supervised release should not be revoked.

Assistant U.S. Attorney Rita Rumbelow has been notified of the U.S. Probation Office's request for a warrant.

**Penalties:** The violations before Your Honor are Grade C violations pursuant to USSG § 7B1.1. With Grade C violations and a criminal history category of VI, the advisory guideline range of imprisonment is 8 to 14 months if the term of supervised release is revoked.  As set forth at 18 U.S.C § 3583(g)(1), if the Court determines Mr. Ryals possessed a controlled substance, the Court shall revoke supervision.

Pursuant to 18 U.S.C. § 3583(e)(3), the statutory maximum term of imprisonment if supervised release is revoked is five years because the offense of conviction is a Class A felony.

Pursuant to 18 U.S.C. § 3583(h), another term of supervised release is authorized to follow the term of imprisonment.

## Standard Conditions

The following information is provided for consideration with respect to the revocation proceedings in this matter. Pursuant to the recent Seventh Circuit Court of Appeals decisions in *United States v. Thompson, et al.,* 777 F.3d 368 (7th Cir. 2015), a sentencing judge must give a reason, consistent with the sentencing factors set forth at 18 U.S.C. § 3553(a), for any non-mandatory condition of supervision.

The standard and special conditions of supervised release that were imposed at the time of revocation on September 27, 2016, were reasonably related to the offense of conviction, as well as the personal history and characteristics of Mr. Ryals.

The standard conditions of supervision, as set forth in 18 U.S.C. §§ 3563(b) and 3583(d), have been established by policy of the Judicial Conference, as informed by U.S. Sentencing Commission policy statements in §§5B1.3 and 5D1.3.  The District Court for the Western District of Wisconsin has adopted some modifications as a result of recent Seventh Circuit cases.  These standard conditions, adopted from 18 U.S.C. §§ 3563(b) and 3583(d) and numbered below, identify the basic requirements, expectations, and limitations for defendants and address corresponding risk-related or recidivism-related factors.  The standard conditions provide probation officers with the means to monitor the conduct of defendants who are under court-ordered supervision by matching supervision and programming to factors correlated with risk.

|    | STANDARD CONDITIONS | JUSTIFICATION |
|----|---------------------|---------------|
| 1) | **Register with local law enforcement agencies and the state attorney general, as directed by the supervising U.S. probation officer.** | Based on the offense of conviction and the need to monitor defendant's compliance with local, state and federal laws. |
| 2) | **Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's** | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, |

|   | | |
|---|---|---|
|   | instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent. | conduct, condition, and compliance. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (C) and (D); 18 U.S.C. § 3563(b)(15) and (17); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(B)(C), (D), (E) and (b)(2); USSG § 5D1.3(b)(1)(B), (C), (D) and (b)(2). |
| 3) | Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court. | Evidence based practice research indicates that lawful, stable employment and education are pro-social activities that reinforce the rehabilitation of defendant. Employment and education have been identified as risk factors for recidivism. 18 U.S.C. § 3553(a)(2)(B), (C) and (D); 18 U.S.C. § 3563(b)(4) and (5); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(C), (D) and (E); USSG § 5D1.3(b)(1)(B), (C) and (D). |
| 4) | Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification. | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(2)(C); 18 U.S.C. § 3563(b)(13), (15), (16) and (19); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(D) and (b)(2); USSG § 5D1.3(b)(1)(C). |
| 5) | Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. | Evidence based practice research indicates the use of illicit chemicals is a risk factor for recidivism. This condition is recommended to assist with defendant's rehabilitation, officer and defendant safety, and to protect the public. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(7); 18 U.S.C. § 3603(3); USSG § 5B1.3(b)(1)(A), (B), (C) and (D); USSG § 5D1.3(b)(1)(A), (B) and (C). |
| 6) | Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered. | Evidence based practice research indicates that frequenting places where illicit chemicals are sold, used, distributed or administered increases the risk that defendant will purchase, use or possess illicit chemicals. Individuals involved in the distribution of illicit chemicals present a risk of peer association as identified in the research. This condition supports rehabilitation of defendant and promotes public safety. 18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG § 5B1.3(b)(1)(A), (B), (C), (D) and (b)(2); USSG § 5D1.3(b)(1)(A), (B) and (C). |

| | | |
|---|---|---|
| 7) | **Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity.** | Evidence based practice research indicates that association with peers involved in criminal activity increases the risk of recidivism. This condition promotes and encourages pro-social relationships that are conducive to a law-abiding lifestyle. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG § 5B1.3(b)(1)(B), (C) and (D); USSG § 5D1.3(b)(1)(B) and (C). |
| 8) | **Defendant shall permit a probation officer to visit defendant at home, work, or at some other mutually convenient location designated by the probation officer at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer.** | Community contacts ensure compliance with court-ordered conditions and assist defendant in maintaining a law-abiding lifestyle. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C); 18 U.S.C. § 3563(b)(13), (15), (16) and (17); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(A), (B), (C), (D) and (b)(2); USSG § 5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 9) | **Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.** | To provide for community safety and rehabilitation of defendant. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(18); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3 (b)(1)(A), (B), (C) and (D); USSG § 5D1.3 (b)(1)(A), (B) and (C). |
| 10) | **Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.** | Evidence based practice research indicates contact with criminals and potential involvement in facilitating other crimes sanctioned by law enforcement officers directly contradicts the condition of no new offenses and criminal associations, which are risk factors for recidivism. Therefore, strict monitoring by the Court/probation office is necessary for the safety of the community, defendant, and the supervising probation officer. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(5), (6), (15), (17) and (18); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(A), (B), (C) and (D); USSG § 5D1.3(b)(1)(A), (B) and (C). |
| 11) | **As directed by the probation officer, defendant shall notify roommates and girlfriends of risks that may be occasioned by defendant's criminal record and conditions of supervision. The probation officer may also take steps to confirm defendant's compliance with this notification requirement or provide such notifications directly to third parties.** | To protect the public from further crimes perpetrated by defendant. 18 U.S.C. § 3553(a)(1), (b)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(3), (4), (5), (6), (13) and (16); in a case of crimes against property 18 U.S.C. § 3555; 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(A), (B), (C) and (D) and (b)(2); USSG § 5D1.3(b)(1)(A), (B), (C) and (b)(2); USSG § 5F1.5. |

**Special Conditions**

The following special conditions would be recommended if an additional term of supervision is deemed appropriate by the Court:

| | SPECIAL CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|---|
| 1) | **Provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax returns.** | Based on defendant's limited employment history and the need to monitor his ability to support himself through legitimate means. |
| 2) | **Submit person, property, residence, papers, vehicle, or office to a search conducted by a U.S. Probation Officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition.** | Based on the nature of the offense of conviction, the need to protect the public from further criminal activity perpetrated by the defendant as suggested by his criminal history and the need to ensure the safety of the supervising U.S. probation officer. |
| 3) | **Participate in substance abuse treatment. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. Defendant shall submit to drug testing beginning within 15 days of defendant's release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process;** | Based on the defendant's self-reported use of alcohol and controlled substances. |
| 4) | **Comply with any court-ordered child support obligations.** | Based on the need for compliance with Child Support authorities. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 4, 2018

/s/

Michael J. Nolan
Senior U.S. Probation Officer

THE COURT ORDERS:

☒ The issuance of a warrant. THE ORDER IS TO REMAIN UNDER SEAL UNTIL ARREST.

☐ The issuance of a summons.

☒ The appointment of counsel upon arrest if Mr. Ryals is found to be indigent.

☐ Other:

**/s/ Barbara B. Crabb**
_____
Honorable Barbara B. Crabb
U.S. District Judge

October 4, 2018
_____
Date