IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-                              Case No. 06-cr-99-S

RAYMOND RYALS,

    Defendant.

## MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

COMES NOW, the defendant, Raymond Ryals, as pro se, hereby moves the court for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1) and (2). He argues that the revocation sentence he is currently serving related back to a six-year term of supervision, and did not account for the fact that Congress has effectively indicated that defendant's statutorily mandated term of supervised release was five-years. That is, while defendant has already served his sentence, and therefore cannot benefit from any sentence reduction, the Fair Sentencing Act of 2010, and the First Step Act of 2018, taken together, are evidence that Congress has decided as a policy matter that these sentencing changes are relevant to the court's consideration of a motion to reduce a term of supervised release. United States v Epps, 707 F.3d. 337, 345 (D.C.Cir.2012); Pope v Perdue, 889 F.3d. 410, 415 (7th.Cir.2018)(Because his five-year term of supervised release is still unserved, and because of the relationship between a prison sentence and supervised release (notwithstanding United States v Johnson, 529 U.S. 53,

120 S.Ct. 1114, 146 L.Ed.2d. 39 (2000)), there seems to be a very substantial likelihood that a ruling that Epp's incarceration should have been shorter would influence the district court's readiness to reduce his term of supervised release.) Thus, defendant request that the time he spent unlawfully subjected to on the first term of supervised release warrants the early termination of his current term of supervised release.

Defendant argues that due to violations of supervised release he may be subject to the "threat of never-ending supervision," which may result in incarceration and/or lengthened terms of supervised release.

Defendant contends that early termination of supervised release is appropriate because of his age, as well as significant medical issues makes his request a reasonable one. He argues that the likelihood of recidivism is very low, and he request an evidentiary hearing to give the court an opportunity to study his medical records and to confer with the Probation Office.

WHEREFORE, for the above and foregoing reasons the court should grant the requested relief for reasons consistent with the above.

Respectfully submitted this 8 day of April, 2019.

Raymond Ryals, Pro Se
Reg. No. 91492-020
FMC Rochester
PMB 4000
Rochester, MN, 55903