PROB12C (09/14)

# UNITED STATES DISTRICT COURT
### FOR THE
# WESTERN DISTRICT OF WISCONSIN
## PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION

**Name of Offender:**  Raymond Ryals                    **Case Number**: 06-cr-99-bbc-1
Beloit, Wisconsin

**Name of Sentencing Judicial Officer:** Honorable John C. Shabaz
**Name of Presiding Judicial Officer:** Honorable Barbara B. Crabb

**Date of Original Sentence**: December 19, 2006
**Date of 1st Amended Sentence**: May 13, 2008
**Date of 2nd Amended Sentence**: May 10, 2011
**Date of 3rd Amended Sentence**: April 25, 2013
**Date of 1st Revocation Sentence**: September 27, 2016
**Date of 2nd Revocation Sentence**: November 8, 2018

**Offense:** Distribution of Five or More Grams of Cocaine Base (Crack Cocaine), a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841 (a)(1) & (b)(1)(B) and 851, a Class A felony

**Original Sentence:** 365 months' imprisonment, to be followed by an eight-year term of supervised release

**Amended Sentence:** 300 months' imprisonment, to be followed by an eight-year term of supervised release

**Amended Sentence:** 280 months' imprisonment, to be followed by an eight-year term of supervised release

**Amended Sentence:** 132 months' imprisonment, to be followed by a six-year term of supervised release

**Revocation Sentence:** 12 months' and one-day imprisonment, to be followed by a four-year term of supervised release

**Revocation Sentence:** 12 months' imprisonment, to be followed by a two-year term of supervised release

**Type of Supervision**: Supervised release          **Date Supervision Commenced**: December 11, 2019

**Assistant U.S. Attorney**: David Reinhard          **Defense Attorney**: William Jones
*(previously appointed)*

---

## PETITIONING THE COURT

☒ To issue a warrant.

Mr. Ryals has allegedly failed to comply with the following conditions of supervision:

| Condition No. | Nature of Noncompliance |
|---|---|
| Mandatory Condition: | "Defendant shall not commit another federal, state, or local crime. [Note: Any defendant that has been convicted of a felony offense, or is a prohibited person, shall not possess a firearm, ammunition, or destructive device pursuant to 18 U.S.C. §§ 921 and 922.]." |

According to information received from the Beloit, Wisconsin, Police

Department on November 3, 2020, officers are planning to arrest Mr. Ryals for felony substantial battery. A Beloit police officer reported the following information: on November 3, 2020, officers responded to the report of a battery incident just after 4:00 a.m. They found Mr. Ryals's girlfriend, Cherell Shumpert, at a friend's residence. Ms. Shumpert reported that Mr. Ryals assaulted her on October 29, 2020. After the assault, she went to stay with a friend. On November 3, 2020, Mr. Ryals found Ms. Shumpert at her friend's residence and assaulted her a second time, breaking multiple bones in her face, including her nose and eye socket. Officers observed blood on Ms. Shumpert's face and in the bedroom. Ms. Shumpert described Mr. Ryals as "mad, drunk, and stupid." After receiving this information from the Beloit Police Department, the undersigned officer attempted to contact Mr. Ryals via telephone to direct him to report to the Beloit Police Department; however, he did not answer his phone which did not have working voicemail. The undersigned officer sent Mr. Ryals a text message directing him to call the probation office immediately. He has not responded as directed.

On January 7, 2020, Mr. Ryals was issued a citation for operating while suspended (forfeiture) in Rock County, Wisconsin, Circuit Court Case No. 20TR206. On February 25, 2020, a default judgment was entered for nonappearance.

On June 24, 2020, Mr. Ryals was issued a citation for operate without carrying a license (forfeiture) in Rock County, Wisconsin, Circuit Court Case No. 20TR4593. On July 28, 2020, he was found guilty due to no contest plea and fined for the offense.

| | |
|---|---|
| Standard Condition No. 2: | "Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent." |

Mr. Ryals failed to submit his monthly supervision report forms for the months of January 2020, May 2020, June 2020, August 2020, September 2020, and October 2020.

Mr. Ryals failed to call the probation office as directed on April 17, 2020; May 13, 2020; May 21, 2020; September 22, 2020; and September 23, 2020.

Mr. Ryals failed to meet with the probation office for a scheduled home visit on June 30, 2020.

| | |
|---|---|
| Standard Condition No. 3: | "Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court." |

Mr. Ryals has been largely unemployed since March 2020. He was able to

temporarily return to his job for two weeks in June 2020. Mr. Ryals is not actively looking for employment, despite the probation office's instructions to apply for jobs and/or Social Security Disability Income (SSDI), if he cannot work due to medical problems.

| | |
|---|---|
| Standard Condition No. 4: | "Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification." |

In March 2020, Mr. Ryals failed to report that he was laid-off from his job at the Fatherhood Initiative Program within 72 hours as directed.

In July 2020, Mr. Ryals failed to report his move to a new residence in Beloit, Wisconsin, within 72 hours as directed.

| | |
|---|---|
| Standard Condition No. 9: | "Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer." |

On June 26, 2020, law enforcement with the Turtle, Wisconsin, Township Police Department gave Mr. Ryals a warning for a traffic violation. Mr. Ryals failed to report this law enforcement contact to the undersigned officer as required.

On October 22, 2020, law enforcement with the Beloit, Wisconsin, Police Department conducted a traffic stop on the vehicle Mr. Ryals was driving based on suspicious behavior in a closed business' parking lot. Officers questioned Mr. Ryals but did not issue any citations. Mr. Ryals failed to report this contact to the undersigned officer as required.

| | |
|---|---|
| Special Condition No. 3: | "Participate in substance abuse treatment. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. Defendant shall submit to drug testing beginning within 15 days of defendant's release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process." |

On December 28, 2019, Mr. Ryals failed to report for a drug test.

On May 1, 2020, the undersigned probation officer attempted to collect a urine specimen from Mr. Ryals. This officer waited with Mr. Ryals for over an hour. He reported he was unable to use the bathroom and asked if this officer could return later to collect a urine specimen. This officer agreed to conduct another visit and return shortly thereafter. When the undersigned officer returned, Mr. Ryals reported that he had just used the bathroom and would not be able to urinate again for a long time. Therefore, this officer was unable to collect a urine sample for drug testing from Mr. Ryals.

**Adjustment to Supervision:** On December 11, 2019, Mr. Ryals released from Rock Valley Community Programs, Inc. (RVCP) in Janesville, Wisconsin, to a residence in Beloit, Wisconsin. He was last known to

be residing with his partner, Cherell Shumpert, and two minor children. Upon his release, Mr. Ryals participated in a substance abuse assessment; however, he did not meet criteria for drug treatment.

Upon his release from RVCP, Mr. Ryals gained employment as a program coordinator for the Fatherhood Initiative at Community Action in Beloit. He worked full-time and assisted in leading sessions aimed at helping convicted felons identify attitudes and triggers to help them be successful in the community. The undersigned officer attended one session led by Mr. Ryals, in which he discussed addiction and how addiction can negatively affect individuals and their families, as well as being loyal to yourself and values. Mr. Ryals's supervisor gave positive remarks about Mr. Ryals' employment. In March 2020, Mr. Ryals was laid-off due to the COVID-19 pandemic. His employer allowed him to temporarily return to work for two weeks in June 2020 to earn some extra income. Mr. Ryals has been unemployed since that time. He is not actively looking for work and has not applied to receive Social Security Disability Income (SSDI). Mr. Ryals reports being financially supported by his partner, Ms. Shumpert. He reportedly spends his free time at home with his family. The probation office has referred Mr. Ryals to various temporary employment agencies and provided him with employment tracking logs to aid in his employment search. The probation office has also offered Mr. Ryals assistance in completing job applications and in applying for SSDI if he chooses to apply for it.

Mr. Ryals fails to report changes to the probation office in a timely manner. He did not report changes in employment and housing within 72 hours as required by his conditions of supervised release. Mr. Ryals also struggles to inform the probation office of changes in his phone numbers, making it difficult to contact him as needed. On September 28, 2020, Mr. Ryals was mailed a letter directing him to call the undersigned officer on October 5, 2020, after he had failed to report as directed and Mr. Ryals did not provide the probation office with his new phone number. Mr. Ryals also does not consistently complete his monthly report forms.

On November 3, 2020, Mr. Ryals battered his partner, Ms. Shumpert, breaking bones in her face. Ms. Shumpert described Mr. Ryals as drunk at the time of the incident. She reported he previously battered her on October 29, 2020. Beloit police officers plan to initiate Mr. Ryals's arrest for felony substantial battery. After receiving this information, the undersigned officer attempted to contact Mr. Ryals via telephone to direct him to report to the Beloit Police Department; however, he did not answer his phone and does not have working voicemail. The undersigned officer sent Mr. Ryals a text message directing him to call the probation office immediately. He did not do so.

**U.S. Probation Officer's Recommendation:** It is respectfully recommended that a warrant be issued for Mr. Ryals to return him to court for a judicial review hearing to show why his term of supervised release should not be revoked.

Assistant U.S. Attorney Rita Rumbelow was contacted and had no objection with our office's recommendation.

**Maximum statutory penalties for revocation under 18 U.S.C. § 3583(e)(3):** If the term of supervised release is revoked, the statutory maximum term of imprisonment is five years because the offense of conviction is a Class A felony. 18 U.S.C. § 3583(e)(3)

Mr. Ryals' criminal history score falls into Criminal History Category VI. Potentially, the most serious alleged violation in this case (felony substantial battery) would be classified as a Grade A violation, pursuant to USSG § 7B1.1(a)(1)(i). A Grade A violation coupled with Criminal History Category VI results in an advisory guideline range of imprisonment of 51 to 63 months, pursuant to USSG § 7B1.4(a)(2), if the term of supervised release is revoked. However, that penalty is capped at 60 months since the maximum term of imprisonment is five years, pursuant to 18 U.S.C. § 3583(e)(3). If the Court determines the most serious

violation is a Grade B violation, Mr. Ryals's advisory guideline range of imprisonment would be 21 to 27 months. A Grade C violation would result in an advisory guideline range of imprisonment of 8 to 14 months.

Pursuant to 18 U.S.C. § 3583(h), another term of supervised release is authorized to follow imprisonment. The maximum term of supervised release authorized would be the statutory maximum term of supervised release available for the original offense (life).

## Mandatory Conditions - 18 U.S.C. § 3583(d)

- Defendant shall not commit another federal, state, or local crime. [Note: Any defendant that has been convicted of a felony offense, or is a prohibited person, shall not possess a firearm, ammunition, or destructive device pursuant to 18 U.S.C. §§ 921 and 922.]

- Defendant shall not illegally possess a controlled substance. The defendant is subject to drug testing according to 18 U.S.C. § 3583(d).

- Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

## Standard Conditions

The following information is provided for consideration with respect to the revocation proceedings in this matter. Pursuant to the Seventh Circuit Court of Appeals decisions in *United States v. Thompson, et al.,* 777 F.3d 368 (7th Cir. 2015), a sentencing judge must give a reason, consistent with the sentencing factors set forth at 18 U.S.C. § 3553(a), for any non-mandatory condition of supervision.

The standard and special conditions of supervised release that were imposed at the time of his most revocation hearing on November 8, 2018, were reasonably related to the offense of conviction, as well as the personal history and characteristics of Mr. Ryals.

The standard conditions of supervision, as set forth in 18 U.S.C. §§ 3563(b) and 3583(d), have been established by policy of the Judicial Conference, as informed by U.S. Sentencing Commission policy statements in §§5B1.3 and 5D1.3.  The District Court for the Western District of Wisconsin has adopted some modifications because of Seventh Circuit case law. These standard conditions, adopted from 18 U.S.C. §§ 3563(b) and 3583(d) and numbered below, identify the basic requirements, expectations, and limitations for defendants and address corresponding risk-related or recidivism-related factors. The standard conditions provide probation officers with the means to monitor the conduct of defendants who are under court-ordered supervision by matching supervision and programming to factors correlated with risk. The standard conditions that are recommended below are reasonably related to the offense of conviction, or the personal history and characteristics of the defendant in this case as identified.  The Court will conduct an independent review of the risks, needs, and the appropriate responses for each defendant.

| | STANDARD CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|---|
| 1) | **Defendant shall not knowingly leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer.** | To provide community protection, rehabilitation for defendant, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, |

| | | |
|---|---|---|
| | | conduct, condition, and compliance. 18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C); 18 U.S.C. § 3563(b)(14); 18 U.S.C. § 3603(2) and (7); USSG § 5B1.3(b)(1)(A), (C), (D) and (b)(2); USSG § 5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 2) | **Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent.** | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (C) and (D); 18 U.S.C. § 3563(b)(15) and (17); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(B)(C), (D), (E) and (b)(2); USSG § 5D1.3(b)(1)(B), (C), (D) and (b)(2). |
| 3) | **Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court.** | Evidence based practice research indicates that lawful, stable employment and education are pro-social activities that reinforce the rehabilitation of defendant. Employment and education have been identified as risk factors for recidivism. 18 U.S.C. § 3553(a)(2)(B), (C) and (D); 18 U.S.C. § 3563(b)(4) and (5); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(C), (D) and (E); USSG § 5D1.3(b)(1)(B), (C) and (D). |
| 4) | **Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification.** | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(2)(C); 18 U.S.C. § 3563(b)(13), (15), (16) and (19); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(D) and (b)(2); USSG § 5D1.3(b)(1)(C). |
| 5) | **Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Defendant shall not use any product containing** | Evidence based practice research indicates the use of illicit chemicals is a risk factor for recidivism. This condition is recommended to assist with defendant's rehabilitation, officer |

| | | |
|---|---|---|
| | **cannabidiol (CBD) or tetrahydrocannabinol (THC), except as prescribed by a physician.** | and defendant safety, and to protect the public.  18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(7); 18 U.S.C. § 3603(3); USSG § 5B1.3(b)(1)(A), (B), (C) and (D); USSG § 5D1.3(b)(1)(A), (B) and (C). |
| 6) | **Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered.** | Evidence based practice research indicates that frequenting places where illicit chemicals are sold, used, distributed or administered increases the risk that defendant will purchase, use or possess illicit chemicals. Individuals involved in the distribution of illicit chemicals present a risk of peer association as identified in the research.  This condition supports rehabilitation of defendant and promotes public safety. 18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG § 5B1.3(b)(1)(A), (B), (C), (D) and (b)(2); USSG § 5D1.3(b)(1)(A), (B) and (C). |
| 7) | **Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity.** | Evidence based practice research indicates that association with peers involved in criminal activity increases the risk of recidivism. This condition promotes and encourages pro-social relationships that are conducive to a law-abiding lifestyle.  18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG § 5B1.3(b)(1)(B), (C) and (D); USSG § 5D1.3(b)(1)(B) and (C). |
| 8) | **Defendant shall permit a probation officer to visit defendant at home, work, or at some other mutually convenient location designated by the probation officer at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer.** | Community contacts ensure compliance with court-ordered conditions and assist defendant in maintaining a law-abiding lifestyle. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C); 18 U.S.C. § 3563(b)(13), (15), (16) and (17); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(A), (B), (C), (D) and (b)(2); USSG § 5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 9) | **Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.** | To provide for community safety and rehabilitation of defendant. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); |

| | | 18 U.S.C. § 3563(b)(18); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3 (b)(1)(A), (B), (C) and (D); USSG § 5D1.3 (b)(1)(A), (B) and (C). |
|---|---|---|
| 10) | **Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.** | Evidence based practice research indicates contact with criminals and potential involvement in facilitating other crimes sanctioned by law enforcement officers directly contradicts the condition of no new offenses and criminal associations, which are risk factors for recidivism. Therefore, strict monitoring by the Court/probation office is necessary for the safety of the community, defendant, and the supervising probation officer.   18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(5), (6), (15), (17) and (18); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(A), (B), (C) and (D); USSG § 5D1.3(b)(1)(A), (B) and (C). |
| 11) | **Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons, unless instructed by a U.S. probation officer to report within a different time frame.** | To review and clarify conditions of supervision imposed by the court at sentencing. To assist with risk and needs assessment, monitoring requirements, release planning, and program referrals. To set goals for supervision. 18 U.S.C. § 5363(b)(15); USSG §§ 5B1.3(c)(1); USSG § 5D1.3(c)(1). |
| 12) | **Defendant shall not possess a firearm, ammunition, destructive device, or dangerous weapon.** | To comply with statutory provisions. To provide for community safety, as well as the safety of the supervising U.S. probation officer. 18 U.S.C. §§ 921 and 922; 18 U.S.C. § 5363(b)(10); USSG § 5D1.3(c)(10); and *U.S. v. Armour*, 804 F.3d 859, 869 (7th Cir. 2015). |

## Special Conditions

The following special conditions, in addition to the mandatory and standard conditions, would be recommended if an additional term of supervision is deemed appropriate by the Court:

| SPECIAL CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|
| 13) **Provide the supervising U.S. Probation Officer any and all requested financial information, including** | Recommended to allow the probation office to assess the defendant's ability to pay to offset |

| | copies of state and federal tax returns | treatment costs; to verify employment; and his obligation to pay state and federal income tax, if he earns taxable income. |
|---|---|---|
| 14) | **Submit person, property, residence, papers, vehicle, or office to a search conducted by a U.S. Probation Officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition.** | Based on the nature of the offense of conviction, the need to protect the public from further criminal activity perpetrated by the defendant as suggested by his criminal history, and the need to ensure the safety of the supervising U.S. probation officer. |
| 15) | **Participate in a substance abuse evaluation and recommended treatment. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. Defendant shall submit to drug testing beginning within 15 days of defendant's release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process.** | Recommended based on the defendant's substance abuse history, criminal history, and illegal drug activity while on previous terms of supervised release. |
| 16) | **Abstain from alcohol use.** | Recommended based on the defendant's history of alcohol abuse and the allegation that he was intoxicated when he battered his partner. |
| 17) | **As directed by the probation officer, defendant shall notify roommates and romantic companions of risks that may be occasioned by defendant's criminal record which includes convictions in Rock County, Wisconsin for battery, battery domestic abuse, disorderly conduct domestic abuse, and conviction in Dane County, Wisconsin, for intimidation of a victim. The probation officer may also take steps to confirm defendant's compliance with this notification requirement or provide such notifications directly to roommates and romantic companions. [It is noted that defendant was also arrested and charged with 2nd degree sexual assault/use of force, and battery domestic abuse while on supervised release.]** | To protect the public from further crimes perpetrated by defendant. 18 U.S.C. § 3553(a)(1), (b)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(3), (4), (5), (6), (13) and (16); in a case of crimes against property 18 U.S.C. § 3555; 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(A), (B), (C) and (D) and (b)(2); USSG § 5D1.3(b)(1)(A), (B), (C) and (b)(2); USSG § 5F1.5. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>November 3, 2020</u>

_____

/s/

Catherine V. Cwirla

U.S. Probation Officer

**THE COURT ORDERS**:

☒ The issuance of a warrant. THE ORDER IS TO REMAIN UNDER SEAL UNTIL ARREST, WITH THE
   EXCEPTION THAT IT MAY BE DISSEMINATED TO LAW ENFORCEMENT.

☐ The issuance of a summons.

☒ The appointment of counsel upon arrest, if defendant is indigent.

☐ Other:

_____
/s/ Barbara B. Crabb

Honorable Barbara B. Crabb

U.S. District Judge

_____
November 3, 2020

Date